IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN M. DUNCAN,
J.R. DUNCAN and
J.F. DUNCAN,

                                                                                       OPINION and ORDER

                    Plaintiffs,

                                                                                     10-cv-58-slc[1]

      v.

FRANK SILHA & SONS and
IUOE LOCAL 139,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this proposed civil action for monetary and injunctive relief, plaintiff John M. Duncan contends that defendants Frank Silha & Sons and IUOE Local 139 violated his constitutional rights and state law by discriminating and retaliating against him and breaching "contracts and other agreements."  Plaintiff asks for leave to proceed in forma pauperis and has supported his request with an affidavit of indigency.  The standard for determining whether plaintiff qualifies for indigent status is the following:

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker.  At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by the parties to this action. Therefore, for the purpose of issuing this order I am assuming jurisdiction over the case.

1

- From plaintiff's annual gross income, the court subtracts $3700 for each dependent excluding the plaintiff.
- If the balance is less than $16,000, the plaintiff may proceed without any prepayment of fees and costs.
- If the balance is greater than $16,000 but less than $32,000, the plaintiff must prepay half the fees and costs.
- If the balance is greater than $32,000, the plaintiff must prepay all fees and costs.
- Substantial assets or debts require individual consideration.

In this case, plaintiff John M. Duncan has three dependents.  He says that he is currently unemployed and has no income.  Although he lists a number of items under the property section of his affidavit, it appears these items are of no immediate value.  From plaintiff's affidavit I conclude that he qualifies for indigent status.  Therefore, plaintiff may proceed without any prepayment of fees or costs.

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously.  <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972).  However, because plaintiff is requesting leave to proceed without prepayment of costs, his complaint must be dismissed if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. § 1915(e)(2)(B). After reviewing the proposed complaint, I conclude

2

that plaintiff may not proceed on his claims at this time because his complaint does not contain enough information.  Under Fed. R. Civ. P. 8, a complaint must include a short and plain statement showing that the plaintiff is entitled to relief.  Plaintiff's complaint is relatively short, but it does not describe his claims plainly or show that he is entitled to relief.

In his complaint, plaintiff contends that defendants have breached "president's executive orders on affirmative action & EEO[C] policy," "union contracts" and "project labor agreements."  The only facts plaintiff alleges are that he has "filed numerous complaints and EEOC charges on Local 139 for retaliation and discrimination" and that he has "been passed over for business rep/organizer." This suggests that plaintiff means to bring three possible claims.  First, he may be attempting to bring a retaliation and discrimination claim against defendant Frank Silha & Sons under Title VII of the Civil Rights Act, which prohibits employers from discriminating against their employees because of an employee's race, color, religion, sex or national origin.  42 U.S.C. § 2000e-2.  Title VII also prohibits employers from retaliating against an employee for complaining about discrimination in certain contexts. 42 U.S.C. § 2000e-3(a).  Second, plaintiff may be attempting bring a claim against defendant IUOE Local 139 under 42 U.S.C. § 1981, which prohibits discrimination on the basis of race in the making, enforcing and terminating of contracts, including employment contracts.  <u>Johnson v. Railway Express Agency, Inc.</u>, 421 U.S. 454 (1975).  Third, plaintiff may be attempting to state a claim against defendants under the Labor

3

Management Relations Act, 29 U.S.C. § 185, for contract violations.

The problem with plaintiff's complaint is that he fails to include any facts to support his legal theories. If plaintiff wishes to proceed in this court on a claim of discrimination, retaliation or contract violations, he will have to file an amended complaint that gives adequate notice of his claim, using allegations that are specific enough to raise his claim above the level of speculation. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009); Riley v. Vilsack, 09-cv-308-bbc, — F. Supp. 2d — , 2009 WL 3416255, *8 (W.D. Wis. Oct. 21, 2009). In its current form, plaintiff's complaint is written as if the reader is already fully aware of his dispute. In redrafting his complaint, plaintiff should view the exercise as telling a story to people who know *nothing* about his situation. Someone reading the complaint should be able to answer the following questions:

- What are the *facts* that form the basis for plaintiff's claims?
- What did defendants do that makes them liable for violating plaintiff's rights?
- How was plaintiff injured by defendants' conduct?

With respect to any discrimination claim, plaintiff should identify: (1) each of defendants' alleged discriminatory acts; *and* (2) why plaintiff believes defendants engaged in discrimination, that is, the reasons that plaintiff believes that defendants refused to promote him or took another adverse act *because* of plaintiff's race, color, religion, sex or national origin and not for another reason. Similarly, with respect to a retaliation claim,

4

plaintiff should identify: (1) his act or acts that he believes prompted the retaliation; (2) each of defendants' allegedly retaliatory actions; and (3) the reasons he believes his protected act or acts motivated defendants to treat him poorly. Finally, with respect to a violation of contracts claim, plaintiff should identify: (1) the specific contracts that defendants allegedly breached; and (2) how defendants allegedly breached the contracts.

One final matter requires attention. Plaintiff has included two of his children, J.F. Duncan and J.R. Duncan, as plaintiffs in this case. However, plaintiff's claims appear to be related solely to his rights as an employee or union member, and the complaint contains no facts suggesting that his children's rights are involved. Therefore, if plaintiffs J.F. and J.R. Duncan are going to be plaintiffs in this case, they need to explain why they are entitled to relief. Moreover, the children cannot proceed without representation by an attorney who can protect their interests in the law suit.

If plaintiffs fail to respond to this order by February 25, 2010, the case will be closed.

ORDER

IT IS ORDERED that the complaint filed by plaintiffs John Duncan, J.R. Duncan and J.F. Duncan is DISMISSED for failure to comply with Fed. R. Civ. P. 8. They may have until February 25, 2010, to file a proposed amended complaint that gives defendants proper notice of their claims. If plaintiffs fail to respond by that date, the clerk of court is directed

to close the case.

Entered this 11th day of February, 2010.

                                          BY THE COURT:
                                          /s/
                                          BARBARA B. CRABB
                                          District Judge