IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN M. DUNCAN,[1]

                                                                   ORDER

                        Plaintiff,

                                                          10-cv-58-slc[2]

     v.

FRANK SILHA & SONS and
IUOE LOCAL 139,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff filed his first complaint in this case on February 2, 2010, contending that defendants Frank Silha & Sons and IUOE Local 139 discriminated and retaliated against him. On February 11, 2010, I screened plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) and determined that plaintiff may be raising claims under Title VII of the

---

[1] In plaintiff's original complaint, he included two of his minor children, J.F. Duncan and J.R. Duncan, as plaintiffs in this case. In his proposed amended complaint, plaintiff says that he wishes to exclude the children from the action. I have amended the caption accordingly.

[2] This case was assigned automatically to Magistrate Judge Stephen Crocker. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by the parties to this action. Therefore, for the purpose of issuing this order I am assuming jurisdiction over the case.

1

Civil Rights Act, the Labor Management Relations Act, 29 U.S.C. § 185 or 42 U.S.C. § 1981. However, I dismissed plaintiff's complaint for failure to comply with Fed. R. Civ. P. 8 because plaintiff's complaint did not include any facts to support claims against defendants. Now plaintiff has filed a proposed amended complaint. Dkt. #4. Unfortunately, plaintiff's proposed amended complaint also violates Rule 8 because it does not contain enough information. In addition, it violates Fed. R. Civ. P. 10, because it does not contain a caption. Under Rule 10, "[e]very pleading must have a caption with the court's name, a title, a file number, and Rule 7(a) designation. The title of the complaint must name all the parties." I will give plaintiff one final opportunity to file an amended complaint in which he provides a caption and sufficient facts to support his claims against defendants.

ALLEGATIONS OF FACT

In 1995, plaintiff was involved in a discrimination case against defendant Local 139 in this court. The case settled. Plaintiff was also involved in a class action lawsuit against defendant Local 139 in the District Court of the Eastern District of Wisconsin. (A search on PACER shows that this suit was filed in 1997 and a consent decree was entered in 2002. A 2006 motion to reopen the case was denied.) Plaintiff has been told that he will be "black balled" from construction for filing a complaint with the EEOC. Don Shaw told plaintiff he

would be "banned from the industry" for filing complaints.

In late March or early April 2006, Daniel Silha called plaintiff and offered him a job operating a "scraper" for defendant Frank Silha & Sons.  When plaintiff arrived at the job site, the foreman Dale Barley told plaintiff that he would not be operating the scraper and that plaintiff "would never work for this company again."

Plaintiff requested that defendant Local 139 file a grievance.  Plaintiff "was denied" by Ryan Oehlhol, a union representative and "district B" manager.

The "Building, Heavy and Municipal/Utilities Construction Master Agreement Area II" contract between the Associated General Contractors of Wisconsin, Inc. and the International Union of Operating Engineers, Local Union No. 139, dated June 1, 2008–May 31, 2011, provides that a contractor may terminate a worker for "just cause," but "no worker shall be discharged for defending the rights of any worker under the terms of this Agreement."

## DISCUSSION

In his amended complaint, plaintiff says that he has a claim for contract violations against both defendants under the Labor Management Relations Act, 29 U.S.C. § 185. Also, because plaintiff says that he wants to "stop" defendant Frank Silha & Son's "double standard of re-hiring white operating engineers, but not minorities," I have determined that

3

plaintiff may be attempting to raise a claim under Title VII of the Civil Rights Act. Below, I explain the information that plaintiff should provide in order to state a claim under either legal theory. When plaintiff redrafts his complaint, he should keep in mind the directions that I provided in the February 11, 2010 order. Specifically, I told plaintiff that he should redraft his complaint as if he is telling a story to people who know *nothing* about his situation. Someone reading the complaint should be able to answer the following questions:

- What are the *facts* that form the basis for plaintiff's claims?
- What did defendants do that makes them liable for violating plaintiff's rights?
- How was plaintiff injured by defendants' conduct?

### A. Labor Management Relations Act, 29 U.S.C. § 185(a)

Under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), federal courts have jurisdiction over suits brought by employees against employers for breach of a collective bargaining agreement. The Supreme Court has also recognized "hybrid § 301" claims, in which an employee alleges that his employer breached a collective bargaining agreement and his union breached its duty of fair representation. DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 165 (1983). Thus, plaintiff may be attempting to state a claim against defendant Frank Silha & Sons for breaching a contract by discharging him without cause. Also, plaintiff may be attempting to state a claim against

4

defendant Local 139 for breaching its duty of fair representation by denying plaintiff's request for grievance proceedings. However, plaintiff needs to provide more facts to support such claims.

With respect to his claim against defendant Frank Silha & Sons, plaintiff must allege facts suggesting that Frank Silha & Sons breached a contract it had with defendant Local 139. Specifically, plaintiff should identify (1) the specific contract and provision or provisions that Frank Silha & Sons breached and (2) how Frank Silha & Sons breached the contract. If plaintiff's claims against Frank Silha & Sons arise out of his discharge from the construction site in March or April 2006, plaintiff needs to explain why he was discharged. If plaintiff believes his discharge was without cause or motivated by discriminatory intent, he should explain why he believes this and should provide facts to support his belief.

With respect to his claim against defendant Local 139 for breach of the duty of fair representation, plaintiff must allege facts to support an inference that Local 139's conduct toward plaintiff was "arbitrary, discriminatory, or in bad faith." Nemsky v. ConocoPhillips Co., 574 F.3d 859, 865 (7th Cir. 2009) (quoting Vaca v. Sipes, 386 U.S. 171, 190 (1967)). A union's actions will be deemed arbitrary only if, "in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness, as to be irrational." McLeod v. Arrow Marine Transport, Inc., 258 F.3d 608, 613 (7th Cir. 2001). A union's actions would be discriminatory if the union refused to

arbitrate a grievance on behalf of a member because of the member's race, color, religion, sex or national origin.  A union's actions are in bad faith if the union refuses to arbitrate a grievance on behalf of a member because the member has filed charges against the union in the past. Nemsky, 574 F.3d at 866.  Plaintiff has alleged only that defendant Local 139, and Ryan Oehlhol in particular, denied his request for a grievance.  Plaintiff needs to provide more facts about the situation, including:  (1) why plaintiff believes he was entitled to grievance proceedings; (2) when he requested the grievance and how and when the grievance was denied by Local 139; and (3) why plaintiff believes that Local 139's denial of his grievance was arbitrary, discriminatory or in bad faith.  Plaintiff's complaint should not include only conclusory statements such as "Local 139 refused to file a grievance on my behalf because I am a minority" or "Local 139 refused to file a grievance because I filed complaints against it in the past."  Instead, plaintiff must allege specific facts to explain the reasons he believes Local 139 breached its duty of fair representation because of his race, color, religion, sex or national origin and not for another reason, or the reason he believes previous complaints against Local 139 motivated defendant to treat him unfairly.  If plaintiff believes his grievance was denied because of complaints he has filed against Local 139 in the past, he should explain why he believes this and provide facts that connect his previous complaints with the denial of his grievance.

6

### B. Title VII of the Civil Rights Act

Title VII of the Civil Rights Act prohibits employers from discriminating against their employees because of an employee's race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2. Title VII also prohibits employers from retaliating against an employee for complaining about discrimination in certain contexts. 42 U.S.C. § 2000e-3(a). If plaintiff wishes to state a claim against defendant Frank Silha & Sons for discrimination in violation of Title VII, plaintiff should identify: (1) each of Frank Silha & Sons' alleged discriminatory acts; *and* (2) why plaintiff believes Frank Silha & Sons engaged in discrimination, that is, the reasons that plaintiff believes that Frank Silha & Sons discharged him, refused to rehire him or took another adverse act *because* of plaintiff's race, color, religion, sex or national origin and not for another reason.

Plaintiff has now failed twice to properly state a claim in this lawsuit. I will dismiss his amended complaint without prejudice and give plaintiff one final opportunity to revise his complaint and provide more information to support his claims. I will give plaintiff until March 25, 2010, to do so. Once the court receives the amended complaint, I will assess the complaint to determine whether plaintiff has pled enough facts to state a claim upon which relief may be granted. If his new amended complaint fails to make out allegations that satisfy Rule 8, I will dismiss his claims with prejudice for failure to state a claim upon which relief may be granted. Also, if plaintiff fails to submit an amended complaint by March 25,

7

I will direct the clerk of court to close the file.

ORDER

IT IS ORDERED that the plaintiff John Duncan's complaint is DISMISSED for failure to comply with Fed. R. Civ. P. 8 and Fed. R. Civ. P. 10.  Plaintiff may have until March 25, 2010, to file a proposed amended complaint that includes a caption and gives defendants proper notice of his claims.  If plaintiff fails to respond by that date, the clerk of court is directed to close the case.

Entered this 12th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge